UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re **Blake Mcharo** and **India Rose Mcharo**, Debtors. | Case No. 18-61242-dwh7 |
| **State of Oregon, Department of Human Services**, Plaintiff, v. **Blake Mcharo** and **India Rose Mcharo, aka India R. James**, Defendants. | Adversary Proceeding No. 18-06052-dwh  MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT AGAINST DEFENDANT BLAKE MCHARO  NOT FOR PUBLICATION |

**I.    Introduction**

The State of Oregon, Department of Human Services, filed a complaint against

chapter 7 debtors Blake Mcharo and India Rose Mcharo, seeking to except its fraud claim against

Page 1 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

them from their bankruptcy discharge.[1] Because the Mcharos share a last name, I will refer to them as Blake and India. Neither answered the complaint.

I entered judgment against India,[2] but I took under advisement whether to enter judgment against Blake. Because I conclude that his failure to disclose his income change was an unwritten statement respecting his financial condition, I cannot enter judgment against him.

## II.  Allegations of the complaint

Given Blake's default, I assume the truth of the state's allegations against him.

The Mcharos applied to the state in 2011 for cash benefits through the Temporary Assistance for Needy Families program.[3] Both signed an application in which they promised to report changes in their financial situation, including changes to income from getting or losing a job.[4]

When the Mcharos submitted their initial, joint application in August 2011, they truthfully reported that Blake was unemployed.[5] About two months later, he got a job that he held until June 2012.[6]

They received benefits from September 2011 until June 2012. During that time, Blake did not report that he was working and earning income, despite his earlier promise to report any changes to his job status.[7] The state does not allege that he made any false representations in writing about his income or employment status.

---

[1] Docket item 1 (complaint).
[2] Docket item 11.
[3] Complaint at ¶ 4.
[4] Complaint at ¶¶ 5-6.
[5] Complaint at ¶ 7.
[6] Complaint at ¶ 8.
[7] Complaint at ¶ 11-12.

Page 2 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

Case 18-06052-dwh    Doc 17    Filed 12/31/18

Due to the Mcharos' misrepresentations, the state overpaid them benefits of $5,047, of which $1,276 has been recovered, leaving a balance due, with interest, of $3,843 as of April 22, 2018.[8]

In the complaint, the state contends that Blake's debt to the state for benefit overpayments is nondischargeable under 11 U.S.C. § 523(a)(2), without specifying whether it relies on subparagraph (A) or (B) of that subsection.[9] In its motion for default, the state relies on subparagraph (A).

### III.   Legal analysis

####   A.   *Despite Blake's default, I need not enter judgment against him if I conclude that the allegations in the complaint fail to state a claim for nondischargeability.*

In 1986, the Ninth Circuit held in *Eitel v. McCool* that, in the exercise of a trial court's discretion whether to enter a default judgment, the factors the court may consider include "the merits of plaintiff's substantive claim" and "the sufficiency of the complaint."[10] Other courts in the Ninth Circuit have cited *Eitel* as authority for declining to enter default judgments because a complaint fails to state a claim.[11]

Accordingly, I need not grant the state's request for default judgment against Blake if the facts the state alleges do not support a determination of nondischargeability as a matter of law.

####   B.   *A representation under section 523(a)(2)(A) may be by omission and need not be express.*

Section 523(a)(2) makes nondischargeable the obtaining of money or property by several types of misrepresentation. Subparagraph (A) addresses three types of misrepresentation:

---

[8] Complaint at ¶¶ 15, 18.
[9] Complaint at 1, 5, ¶ 15.
[10] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).
[11] *Stuckey v. Lucas*, 2012 WL 5948959 (N.D. Cal. 2012); *In re Villegas*, 132 B.R. 742, 746 (9th Cir. B.A.P. 1991).

Page 3 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

false pretenses, false representation, or actual fraud—other than a statement respecting the debtor's or an insider's financial condition. Those types of misrepresentation need not be in writing to give rise to a nondischargeable claim. Subparagraph (B) addresses the use of a written statement that is materially false, respecting the debtor's or an insider's financial condition, on which the creditor reasonably relied, and that the debtor caused to be made or published with intent to deceive. Thus, a nondischargeability action based on a false statement regarding the debtor's financial condition can only be brought under section 523(a)(2)(B)—which requires that the statement be in writing.

In 1996, the Ninth Circuit held in *In re Eashai* that a debtor's failure to disclose the intent not to pay credit-card debt can constitute actual fraud under section 523(a)(2)(A).[12] One of five elements a creditor must prove to establish fraud is that the debtor have made "representations."[13] A debtor engaged in credit-card kiting makes a false representation by "creating the façade that all of his accounts are in good standing" and "failing to disclose to the creditor his intent not to pay his credit-card debt."[14] The court cited with approval the Restatement (Second) of Torts § 551(1), which provides that

> One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose.[15]

The court also observed with approval bankruptcy court holdings that "a debtor's silence or omission regarding a material fact can constitute a false representation" under section 523(a)(2)(A) when the debtor was under a duty to disclose the fact.[16] And the court cited

---

[12] 87 F.3d 1082, 1088-89 (9th Cir. 1996).
[13] *Eashai* at 1086, citing *In re Britton*, 950 F.2d 602, 604 (9th Cir. 1991).
[14] *Id.* at 1088.
[15] Restatement (Second) of Torts § 551(1).
[16] *Eashai*, 87 F.3d at 1089.

Page 4 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

Case 18-06052-dwh    Doc 17    Filed 12/31/18

with approval a 1990 Ninth Circuit Bankruptcy Appellate Panel case in which the BAP "not[ed] that the debtor's silence or concealment of a material fact can create a false impression which constitutes a misrepresentation."[17]

Under *Eashai*, then, the state is correct that silence in the face of an obligation to disclose can constitute a representation supporting nondischargeability for actual fraud under section 523(a)(2)(A).

The state doesn't dispute that Blake's failure to report his income change is a representation "respecting" his financial condition. The only open question is whether that representation is also a "statement" under section 523(a)(2). If it is, the representation—being, by definition, unwritten—cannot support a determination of nondischargeability.

### C. *Lamar* does not determine that a "statement" must be express.

Earlier this year, the Supreme Court held in *Lamar, Archer & Cofrin, LLP v. Appling*[18] that any statement that "has a direct relation to or impact on aggregate financial condition" is a statement respecting the debtor's financial condition as that term is used in section 523(a)(2). At the pretrial conference, I asked the state to address whether *Lamar* prevents entry of a judgment of nondischargeability based on an implied, and therefore unwritten, representation regarding his income.

The state argues that concealment of information cannot be a "statement" and therefore is not addressed by subparagraph (B).[19] In support of the state's contention that a statement must be express and may not be implied by omission, the state points to a paragraph in *Lamar* in which the Court discussed the meaning of "statement" as used in section 523(a)(2).

---

[17] *Id.*, citing *In re Howarter*, 114 B.R. 682, 684 n. 2 (9th Cir. B.A.P. 1990).
[18] 138 S. Ct. 1752 (2018).
[19] Docket item 7 at 3.

Page 5 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

Case 18-06052-dwh    Doc 17    Filed 12/31/18

The Court quoted a definition from Webster's Third New International Dictionary: "the act or process of stating, reciting, or presenting orally or on paper; something stated as a report or narrative; a single declaration or remark."[20] The Webster's definition includes only express statements. If that definition is binding, it supports the state's position that a debtor's concealment or nondisclosure of information cannot be a statement.

Although I must pay respectful attention to every word of a Supreme Court opinion, the Court has frequently admonished that its discussion of issues that are neither in dispute nor essential to a decision should not be treated as binding. For example, in *Kirtsaeng v. John Wiley & Sons, Inc.*, the Supreme Court refused to give binding effect to a statement in a previous statutory-construction case, saying: "The language [at issue] was not at issue in [the previous case]; the point before us now was not then fully argued; we did not canvas the considerations we have here set forth."[21] Other Supreme Court decisions have made the same point.[22]

In *Lamar*, whether a statement respecting a debtor's financial condition must be affirmative and express, rather than an omission, was not in dispute, was not argued, and was not considered at any length by the Court. Rather, it identified "respecting" as "the key word in the statutory phrase."[23] Moreover, the misrepresentation in *Lamar* was undeniably an express statement, so the Court had no occasion to consider whether an omission can be a statement. If

---

[20] *Lamar*, 138 S. Ct. at 1759.
[21] 568 U.S. 519, 548 (2013).
[22] *See, e.g.*, *Central Va. Comm'y College v. Katz*, 546 U.S. 356, 363 (2006) (Court need not follow dicta in a prior case in which point at issue was not debated); *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) (Court is not bound by previous decisions in which point was assumed without being decided); *Cohens v. State of Va.*, 19 U.S. (6 Wheat.) 264, 399 (1821) ("If [statements in an opinion] go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision").
[23] *Lamar*, 138 S.Ct. at 1759.

Page 6 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

the question is squarely presented in a future Supreme Court case, I predict that it would not consider its two-sentence discussion in *Lamar* to be binding.

Other than the paragraph from *Lamar*, the state refers to no authority supporting its contention that, under section 523(a)(2), a "statement" must be express, rather than implied by omission.

   D.   *The dictionary definition of "statement" quoted in* **Lamar** *is not the only one.*

A leading dictionary of legal terminology, Black's, includes as a meaning of "statement" the definition supplied by Federal Rule of Evidence 801(a): "a person's . . . nonverbal conduct, if the person intended it as an assertion."[24] This definition shows that the meaning of "statement" include nonverbal communications, at least in some legal contexts.

   E.   *Interpreting "statement" in section 523(a)(2) to exclude silence in the face of a duty to speak would be nonsensical.*

Under *Lamar*, If Blake had telephoned the Department of Human Services in October 2011 and said, "I have no income," that statement undoubtedly be one respecting his financial condition and thus, not being written, could not support a nondischargeability judgment. But, according to the state, a representation implied by silence cannot be a statement, so judgment in its favor would be warranted if Blake failed to say anything at all. In other words, according to the state, Blake could have protected himself by actively lying about his new job rather than staying silent. I doubt that Congress intended to treat more leniently those debtors who actively deceive their creditors than those who fail to disclose information—even when disclosure is required.

The state's approach would eliminate the debtor-protective function of the writing requirement in section 523(a)(2)(B). Each time a debtor makes an oral, and thus express,

---

[24] Blacks's Law Dictionary (10th ed. 2014), "statement."

Page 7 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

Case 18-06052-dwh    Doc 17    Filed 12/31/18

financial-condition misstatement on which a creditor justifiably and detrimentally relies, the debtor's later failure to correct the misstatement constitutes a series of implicit representations that the prior misstatement was correct. Under the state's approach, even though the oral financial-condition misstatement is protected from nondischargeability by section 523(a)(2)(A) and (B), each later implicit representation of the correctness of the express misrepresentation would be a representation, but not a statement, thus rendering the claim nondischargeable under subparagraph (A).

## IV. Conclusion

Even if Blake's failure to comply with his duty to disclose his income change is a representation supporting a claim for false pretenses, a false representation, or actual fraud, it is also an implied, and thus unwritten, statement respecting his financial condition. Thus, his failure to disclose his income change cannot render nondischargeable the state's claim against him for that omission.

I will enter judgment against the state on its claim against Blake.

Page 8 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

Case 18-06052-dwh    Doc 17    Filed 12/31/18

Page 9 – MEMORANDUM DECISION DENYING PLAINTIFF'S REQUEST FOR DEFAULT etc.

Case 18-06052-dwh    Doc 17    Filed 12/31/18